**CATANZARITTI et al. v. BIANCO.**

**No. 1338.**

District Court, M. D. Pennsylvania.

Jan. 23, 1940.

Ellsworth S. Keller, of Tunkhannock, Pa., and Gerald G. Dolphin and Robert E. Dolphin, both of Scranton, Pa., for plaintiffs.

Thomas F. Hanahue and R. L. Levy, both of Scranton, Pa., for defendant.

WATSON, District Judge.

The minor plaintiffs brought this suit to enforce a claim to the title of real estate. The action came before the Court upon complaint and answer for trial without jury.

In accordance with the provisions of Rule 52 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the Court finds from the evidence the following facts:

The plaintiffs are residents of Pennsylvania and citizens of the United States.

The defendant is a resident of Pennsylvania and a citizen of Italy.

On May 5, 1923, Frank Catanzaritti was appointed guardian of the estates of Joseph and Marie Catanzaritti, the minor plaintiffs.

With money which he received as guardian, Frank Catanzaritti on July 14, 1925, purchased the real estate here in question and improved it.

Title to this real estate was taken in the name of Frank Catanzaritti and Marie Catanzaritti, his wife.

July 21, 1928, Marie Catanzaritti, wife of the guardian, died, and on October 11, 1928, the guardian married the defendant.

On October 24, 1931, the guardian died leaving a will which devised all of his property to the defendant and named her as executrix. This will was probated December 14, 1931, and has never been contested.

July 1, 1938, this action was instituted to enforce a claim to the real estate purchased by the guardian with the funds of the minor plaintiffs.

The question arises whether the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs so as to give this Court jurisdiction.

The jurisdiction of this Court in a civil suit of this nature is definitely limited by statute to one "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects." Jud.Code Sec. 24 (1), 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1).

874

In their complaint, the plaintiffs allege, inter alia, that the amount involved is more than $3,000 exclusive of interest and costs, and that the parties are residents of Pennsylvania, but that the defendant is a citizen of Italy. The answer filed by the defendant does not controvert the diversity of citizenship of the parties but does deny that the amount in controversy exceeds $3,000 exclusive of interest and costs.

At the trial the plaintiffs introduced evidence as to the amount of money received by the guardian but no evidence was offered to show the value of the property which is here in dispute.

During the course of the litigation between these parties in the courts of the Commonwealth of Pennsylvania, it was established, and cannot be disputed here, that the defendant cannot be held personally responsible for the money received by the guardian in behalf of the minor plaintiffs. Catanzaritti v. Bianco, 131 Pa.Super. 207, 198 A. 806.

The whole theory of the plaintiffs' action is that the defendant holds the realty for which this action was brought as trustee for the minor plaintiffs. It is clear, therefore, that, for the purpose of establishing the jurisdictional amount, the sum of money received by the guardian is immaterial. The matter in controversy here is the real estate which was purchased with the money received by the guardian and not the amount of the money received by him. As to the value of this real estate, the Court is without information.

The question, therefore, becomes one of burden of proof. If the burden of proving that the amount in controversy exceeds $3,000 is on the plaintiff, this action must be dismissed. In my opinion, the decision in this case must be controlled by the decision in the recent case of McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

In the McNutt case, it is stated at page 181 of 298 U.S., 56 S.Ct. at page 781, 80 L.Ed. 1135 that:

"The bill is thus destitute of any appropriate allegation as to jurisdictional amount save the general allegation that the matter in controversy exceeds $3,000. That allegation was put in issue and the record discloses neither finding nor evidence to sustain it.

"In the absence of any showing in the record to support that general allegation, the question is upon which party lay the burden of proof. Respondent contends that the burden of proving the lack of jurisdiction rests upon the party challenging the jurisdiction and cites decisions of this Court to that effect. The question is thus sharply presented."

The situation revealed by the above quotation exists in this case. Here the complaint did not allege the value of the property sought, and the only jurisdictional allegation was the formal allegation at the beginning of the complaint. Furthermore, no evidence was introduced to show the value of this property, and the answer filed by the defendant placed in issue the question of whether or not the amount in controversy exceeded the sum of $3,000.

One further similarity exists between the McNutt case and the present case. In both cases the parties failed to recognize the true matter in controversy and devoted their evidence to the proof of the value of a matter not properly in dispute.

The opinion in the McNutt case contains the further statements at page 188 of 298 U.S., 56 S.Ct. at page 785, 80 L.Ed. 1135 that: "We think that the terms and implications of the act [Act of 1875] leave no sufficient ground for varying rules as to the burden of proof. The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his

allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."

Under the ruling in McNutt v. General Motors Acceptance Corporation, supra, the Court has no alternative other than to dismiss the complaint in this case because of lack of jurisdiction.

The burden of establishing the jurisdiction of this Court was on the plaintiffs.

The plaintiffs failed to meet the burden upon them.

This Court is without jurisdiction to determine the present controversy.

The complaint in the above entitled case is dismissed.